**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JEFFREY HALL,<br>*Plaintiff*, | : | 3:25-CV-762 (SVN) |
| v. | : | |
| WARDEN CARON, *et al.*,<br>*Defendants*. | : | August 18, 2026 |

**INITIAL REVIEW ORDER**

*Pro Se* plaintiff Jeffrey Hall, a sentenced inmate[1] currently incarcerated at Willard-Cybulski Correctional Institution in the custody of the Connecticut Department of Correction ("DOC"), brings this action under 42 U.S.C. § 1983. On May 5, 2025, Plaintiff filed his original complaint against DOC employees District Administrator Washington, Warden Zelynette Caron, Counselor Supervisor Such, and Counselor Whitman, for alleged violations of his constitutional rights while he was incarcerated at Carl Robinson Correctional Institution ("Robinson CI"). *See* Compl., ECF No. 1. After an initial review under 28 U.S.C. § 1915A, the Court determined that Plaintiff had not alleged any plausible claims and dismissed the action without prejudice to his filing an amended complaint. Initial Review Order ("IRO"), ECF No. 28.

Plaintiff has now filed an amended complaint naming as defendants Warden Caron, Counselor Supervisor Such, Counselor Whitman, and Deputy Warden Carbone in their individual and official capacities. *See* Am. Compl., ECF No. 35 at 2-3, 7. He claims that Defendants denied him access to the courts in violation of the First and Fourteenth Amendments and that Defendants

[1] The Court may take judicial notice of matters of public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-CV-1425 (KAD), 2023 WL 1818545, at *4 n.1 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information). Information on the Department of Correction website shows that Plaintiff was sentenced on April 29, 2016, to a term of twenty years' imprisonment, and he is currently housed at Willard-Cybulski Correctional Institution. *See* Inmate Information, https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=397697 (last visited Aug. 17, 2026).

violated his right to privacy pertaining to his medical information in violation of the Fourteenth Amendment. *See id.* at 5-9. He seeks compensatory damages and declaratory and injunctive relief. *Id*. at 9.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the amended complaint and has conducted an initial review pursuant to 28 U.S.C. § 1915A.[2] Based on this initial review, the Court orders as follows.

## I. FACTUAL BACKGROUND

While the Court has considered all of Plaintiff's allegations in his amended complaint,[3] the Court recites here only those facts necessary to provide context for its ruling below. The Court

[2] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint that includes only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

[3] "The Second Circuit has long held that an amended complaint completely replaces the original complaint," *Jordan v. Chiaroo*, No. 24-CV-204 (VAB), 2024 WL 3925375, at *3 (D. Conn. Aug. 23, 2024) (citing *Int'l Controls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1977) (holding that the amended complaint completely replaces original complaint)), so the Court will not consider allegations from Plaintiff's original complaint in considering the factual basis for his claims. *See Dinh v. Doe*, No. 24-CV-1042 (OAW), 2024 WL 3343006, at *3 (D. Conn. July 9, 2024) (noting that "the court will not consider any allegations made in the original complaint while evaluating any amended complaint.").

accepts the following allegations in Plaintiff's amended complaint as true for purposes of this initial review order. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff possesses legal documents and medical records that he must send to his attorney in connection with ongoing legal matters. ECF No. 35 at 7. Plaintiff was previously housed at Carl Robinson CI, which is a facility that does not allow inmates to make their own copies of legal and medical documents. *Id*. at 5, 7. Inmates are required to give their legal and medical documents, including confidential attorney-client materials, to their assigned counselor to make copies and return them at a later time. *Id*. at 7.

Specifically, on March 7, 2024, Plaintiff asked his counselor, Defendant Whitman, if he could make copies of his attorney-client documents, and Defendant Whitman responded, "Give them to me, I'll copy them and bring them back when I can." *Id*. at 5. Plaintiff's request to be present during the photocopying was denied. *Id*. Next, on March 14, 2024, Defendant Such, on behalf of Defendant Carbone, responded to Plaintiff's written request for a photocopy machine to be installed in Carl Robinson CI's library. *Id*. Plaintiff was advised that "Per Robinson Inmate Handbook, photocopies are done with your dorm counselor. . . ." *Id*.

Plaintiff also sent a written request asking about a DOC Administrative Directive which allows DOC staff to walk away with confidential and highly personal materials for fourteen days, and Plaintiff inquired as to whether he could be present during photocopying. *Id*. On March 14, 2024, Defendant Carbone responded to the written request on behalf of Defendant Caron, and stated, "for safety and security reasons we do not allow inmates to make their own copies. We do not have a spare copy machine to put in the library. Our counselor[s] do their best to get the[m] back to you in a timely manner." *Id*. Plaintiff also claims that he sent another written request, and Warden Caron replied and stated, "If you do not wish to utilize your unit counselor, there is legal

assistance in making photocopies through ILAP service. . . ." *Id*. at 6. Plaintiff contends that he did not want to pay the postage to send documents to ILAP for copying when he was only requesting to be present when photocopies were made. *Id*. at 6.

Generally, Plaintiff alleges that he "was told that inmates 'cannot make copies' and that staff would only make copies 'when they have time,' without any written policy or legitimate justification." *Id*. at 8. Plaintiff claims that these delays and refusals have prevented him from sending time-sensitive legal materials to his attorney, thus, hindering his ability to pursue active legal claims. *Id*. Specifically, he claims that the statute of limitations expired on several non-frivolous lawsuits because he was not allowed to make copies of his legal and medical documents. *Id*. at 6.

Plaintiff also claims that on at least one occasion, his medical information was discussed openly in front of other inmates and staff, which violated his right to medical privacy. *Id*. at 8. He claims that Robinson CI's system, which requires inmates to hand over confidential legal and medical documents to counselors for copying, creates a substantial risk of unauthorized disclosure and violates his constitutional rights. *Id*.

## II. DISCUSSION

Plaintiff brings claims against Defendants for denial of access to the courts in violation of the First Amendment and the Fourteenth Amendment and for violation of his right to privacy pertaining to his medical information under the Fourteenth Amendment. The Court addresses each of Plaintiff's claims in turn.

### A. Denial of Access to the Courts

Plaintiff alleges that there is a policy at Robinson CI that requires him to hand over legal and medical documents to his counselor for photocopying, that he is not allowed to be present

during photocopying, and that the turnaround time to receive photocopies of his materials is fifteen days. ECF No. 35 at 5, 7. He claims that Defendants have denied him access to the courts in violation of the First and Fourteenth Amendment by implementing and enforcing this policy. *Id.* at 8.

The First Amendment to the United States Constitution, in conjunction with the other constitutional provisions,[4] guarantees prisoners the "right of access to the courts." *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *see also Morello v. James*, 810 F.2d 344, 346 (2d Cir. 1987). Thus, prison officials are prohibited from "actively interfering with inmates' attempts to prepare legal documents . . . or file them." *Lewis*, 518 U.S. at 350 (internal citations omitted). To plausibly allege a claim of denial of access to the courts, an inmate is required to demonstrate that he suffered an actual injury as a result of the conduct of the defendants. *Lewis*, 518 U.S. at 351–53. And to establish an actual injury, an inmate must allege facts showing that the defendant took or was responsible for actions that hindered his efforts to pursue a "nonfrivolous" legal claim. *Christopher*, 536 U.S. at 414–15 (the plaintiff must identify a "'nonfrivolous,' 'arguable' underlying claim" that he sought to pursue or seeks to pursue in court) (citation omitted); *see also Lewis*, 518 U.S. at 353 (suggesting that the injury requirement of an access to courts claim is satisfied if an "inmate could demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded") (footnotes omitted)).

As an initial matter, a plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional

[4] The right of access to courts is grounded in various provisions of the Constitution, including the First and Fourteenth Amendments. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (noting that the right of access to Courts is secured by "the Article IV Privileges and Immunities Clause ... the First Amendment Petition Clause ... the Fifth Amendment Due Process Clause ... and the Fourteenth Amendment Equal Protection ... and Due Process Clauses.").

violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). This is true with respect to supervisory officials, as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) ("[A] plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability.").

In Plaintiff's amended complaint, he alleges the personal involvement of Defendant Whitman. He asserts that Defendant Whitman was personally involved in obtaining his legal documents for photocopying. *See* Am. Compl., ECF No. 35 at 5. Plaintiff also asserts that Defendants Such, Carbone, and Caron were aware of the photocopying policy, as well as Plaintiff's objection to the policy, but refused to change the policy by either allowing Plaintiff to make his own copies or be present during photocopying. *See id.* at 5-6. Plaintiff has failed to establish an actual injury, however, because he has not shown that Defendants were responsible for actions that hindered his efforts to pursue a "nonfrivolous" claim. *See Lewis*, 518 U.S. at 351–53.

An access to courts claim requires "the underlying cause of action and its lost remedy [to] be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher*, 536 U.S. at 416. The underlying cause of action must be "described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.*

Here, although Plaintiff alleges that the statute of limitations expired on several non-frivolous lawsuits because claims he was not allowed[5] to make copies of his legal and medical documents, ECF No. 35 at 6, he fails to identify or describe these alleged "non-frivolous lawsuits."

[5] The Court notes that, although Plaintiff claims to have been prohibited from making copies, the prison policy at issue does not appear to *prohibit* copying; it simply does not allow Plaintiff to privately copy documents.

Plaintiff does not describe the underlying cause of the alleged non-frivolous lawsuits and their lost remedies in a manner sufficient to give fair notice to defendants. *See Crispin v. Connecticut*, No. 23-CV-1636 (SVN), 2025 WL 1488445, at *10 (D. Conn. May 23, 2025) (dismissing plaintiff's denial of access to the courts claim, in part, because plaintiff did not describe the content of the habeas actions that were purportedly dismissed).[6] Thus, because Plaintiff has not plausibly alleged that any Defendant hindered his effort to pursue a non-frivolous claim, he cannot show a constitutional injury, and his denial of access to the courts claim is dismissed under 28 U.S.C. § 1915A(b). *See Chimney v. Raines*, No. 25-CV-1317 (OAW), 2026 WL 893250, at *5 (D. Conn. Mar. 31, 2026) (dismissing denial of access to the courts claim because plaintiff had not described any legal claim that had been thwarted by defendants' actions).

B. Fourteenth Amendment Right to Privacy

Plaintiff also claims that Defendants violated his right to medical privacy because his medical information was discussed openly in front of other inmates and staff. *See* ECF No. 35 at 8.

The Second Circuit has recognized a constitutional right to privacy in personal information—including "information about the state of one's health"—under the Fourteenth Amendment's Due Process Clause. *See Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994); *see also Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 63–64 (2d Cir. 2011); *Hancock v. Cty. of Rensselaer*, 882 F.3d 58, 65 (2d Cir. 2018) ("The Fourteenth Amendment's due process clause thus protects individuals in this circuit from arbitrary intrusions into their medical records."). On a limited, case-by-case basis, this constitutional right to privacy

[6] Plaintiff has three additional pending 42 U.S.C § 1983 lawsuits that he filed in this District: *Hall v. Caron et al.*, No. 25-CV-735 (SVN), *Hall v. Caron et al.*, Case No. 25-CV-988 (SVN), and *Hall v. Carbone et al.*, Case No. 25-CV-1058 (SVN), all filed while he was incarcerated at Robinson CI in the summer of 2025. *See* Am. Compl., ECF No. 35 at 6. Although the Court does not consider Plaintiff's ongoing lawsuits as determinative of his ability to plausibly plead a denial of access to the courts claim, his ability to file multiple lawsuits while incarcerated at Robinson CI further serves to undermine his claim that he was denied access to the courts.

has been extended to prisoners. *See Hancock*, 882 F.3d at 66, 68.

A prisoner's right to confidentiality, however, is not absolute, and instead depends to some degree on the underlying condition. *See Matson*, 631 F.3d at 64 ("[T]he interest in the privacy of medical information will vary with the condition.") (quoting *Powell v Schriver*, 175 F.3d 107, 111 (2d Cir. 1999)). "Medical conditions entitled to confidentiality are those that are 'excruciatingly private and intimate' and 'likely to provoke both an intense desire to preserve one's medical confidentiality, as well as hostility and intolerance from others.'" *Koram v. CT Dept of Corr.,* No. 3:23-CV-729 (KAD), 2023 WL 8653979, at *9 (D. Conn. Dec. 14, 2023) (quoting *Swinson v. City of New York*, 2022 WL 142407, at *7 (S.D.N.Y. Jan. 14, 2022)).

Identifying the "strength of the individual interest in privacy never ends the analysis," though, as even "the weakest privacy interests cannot be overridden by totally arbitrary or outright malicious government action." *Hancock*, 882 F.3d at 68. In the context of disclosure of confidential medical information, if such disclosure is not "reasonably related to a legitimate penological interest," it may violate the inmate's constitutional right to privacy if the government's behavior was so "arbitrary" as to "shock the conscience." *Id.* at 66, 66 n.3 (quoting *Powell*, 175 F.3d at 112). "[T]he gratuitous disclosure of an inmate's confidential medical information as humor or gossip . . . is *not* reasonably related to a legitimate penological interest, and it therefore violates the inmate's constitutional right to privacy." *Powell*, 175 F.3d at 112.

Here, Plaintiff has not plausibly pleaded that his right to medical privacy was violated. First, Plaintiff's allegations are vague and conclusory, and he does not allege the personal involvement of any Defendant in a constitutional violation of his right to privacy under the Fourteenth Amendment. *See Wright*, 21 F.3d at 501. Second, Plaintiff fails to identify, even generally, the medical condition that Defendants allegedly exposed to other inmates. Without this

information, the Court cannot determine whether that medical condition was excruciatingly private and intimate and likely to provoke both an intense desire to preserve one's medical confidentiality, as well as hostility and intolerance from others. *See Koram*, 2023 WL 8653979, at *9. Lastly, Plaintiff does not specify the context in which his medical information was exposed, nor the circumstances surrounding the alleged exposure. As such, Plaintiff has failed to plead a plausible Fourteenth Amendment right to privacy claim against all Defendants under 28 U.S.C. § 1915A(b)(1).

C. Plaintiff's Request for Injunctive & Declaratory Relief

As the Court has dismissed Plaintiff's claims, it need not address whether he is entitled to injunctive or declaratory relief. But even if Plaintiff's claims were viable, as Plaintiff is no longer housed at Robinson CI, his requests for injunctive and declaratory relief against Defendants, who are alleged to work at Robinson CI, are moot. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) (an inmate's transfer from a correctional facility generally moots claims for declaratory and injunctive relief against officials at that facility). Furthermore, Plaintiff's request for declaratory relief must be dismissed because he seeks only a declaration that his rights were violated in the past. The general rule is that "[d]eclaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages." *Orr v. Waterbury Police Dep't*, No. 17-CV-788 (VAB), 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018) (citing *In re Combustion Equip. Assoc., Inc.*, 838 F.3d 35, 37 (2d Cir. 1998)). Thus, declarations that a defendant "violated federal law in the past" are prohibited. *Green v. Mansour*, 474 U.S. 64, 74 (1985). Lastly, to the extent Plaintiff intends to assert official capacity claims for monetary damages against Defendants (all state employees), such claims are barred by the Eleventh Amendment and dismissed. *See e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

## III. CONCLUSION

For the reasons described above, the Court DISMISSES the amended complaint without prejudice for failure to state a plausible claim for relief under 42 U.S.C. § 1983.

As Plaintiff has previously been afforded leave to amend the same claims he has unsuccessfully advanced in the amended complaint, the Court will not provide another opportunity to amend. *See Cuoco v. Moritsugu*, 222 F.2d 99, 112 (2d Cir. 2000) (noting that leave to amend should be granted at least once to a *pro se* litigant).

Accordingly, the Clerk is directed to close this case.

**SO ORDERED** at Hartford, Connecticut, this 18th day of August, 2026.

*/s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE